IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**DARIEN E. FULTON (02),**<br><br>    Defendant. | **Case No. 16-40059-02-DDC** |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Darien Fulton's Motion for Home Confinement (Doc. 73). The government has filed a response (Doc. 74). For reasons explained below, the court denies Mr. Fulton's motion.

**I.   Background**

On August 22, 2016, Mr. Fulton entered a guilty plea to two counts of robbery in violation of 18 U.S.C. § 1951(a). *See* Docs. 23 & 24. The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement proposed a term of no more than 72 months' imprisonment, followed by three years of supervised release. Doc. 24 at 3 (Plea Agreement ¶ 3). On November 21, 2016, during the sentencing hearing, the court accepted this sentencing proposal. Doc. 33 at 1. The court then sentenced Mr. Fulton to 72 months' imprisonment, followed by three years of supervised release. *Id.*; Doc. 38 at 2.

---

[1]   Because Mr. Fulton proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Mr. Fulton now seeks a sentence modification under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) because of the COVID-19 pandemic.  Doc. 73 at 1.  Specifically, he asks the court to permit him to serve the remainder of his custody sentence in home confinement.  *Id.*  He asserts that his underlying health conditions place him at higher risk of contracting COVID-19.  *Id.*

**II.   Analysis**

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).  Given Mr. Fulton's 72-month custody sentence and depending on calculations currently unknown by the court, he may be eligible for home confinement under this statute sometime in 2021 or 2022.  But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement.  It provides:  "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2) . . . ."  CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Mr. Fulton seeks to serve the remainder of his custody sentence in home confinement under this provision of the CARES Act.  Doc. 73 at 1.  The government responds that Mr. Fulton's motion should be denied because the court lacks authority to order home confinement under the CARES Act.  Doc. 74 at 2–3.

The court agrees with the government.  The CARES Act authorizes the BOP—not courts—to expand the use of home confinement.  *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the

BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may elect to place an inmate in home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020))).

In sum, the court lacks jurisdiction to order home confinement under this CARES Act provision. The court thus dismisses Mr. Fulton's request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Fulton's Motion for Home Confinement (Doc. 73) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 12th day of May, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**