**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **DARIEN E. FULTON (02),**  Defendant. | Case No. 16-40059-02-DDC |

## MEMORANDUM AND ORDER

On May 4, 2020, pro se[1] prisoner Darien Fulton filed a Motion for Home Confinement (Doc. 73). The government responded (Doc. 74), construing Mr. Fulton's motion as a request under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) because of the COVID-19 pandemic. On May 12, 2020, the court dismissed Mr. Fulton's motion under the CARES Act because it lacked jurisdiction to decide it. Doc. 75. But the day after the court's Order, Mr. Fulton mailed a Reply (Doc. 76), which the court received on May 18, 2020. Although the Reply asserts additional argument in support of Mr. Fulton's now dismissed motion under the CARES Act, the Reply also appears to assert new arguments for compassionate release. *Id.* at 3–5. Thus, out of an abundance of caution, the court construes Mr. Fulton's Reply as a motion for compassionate release. And, for reasons explained below, the court dismisses Mr. Fulton's current motion because it lacks jurisdiction over it.

---

[1] Because Mr. Fulton proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

### I. Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply.  Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf.  But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  After this amendment, a defendant may bring a motion for compassionate release from custody but only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.  *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

## II. Analysis

Mr. Fulton seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. Doc. 76 at 3–4. He argues that he properly has exhausted his claim because his warden denied his request for compassionate release. *Id.* at 4. And, he asserts, "the COVID-19 pandemic is an 'extraordinary and compelling' reason" to reduce his sentence and compassionately release him. *Id.*

Mr. Fulton's motion fails to show he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf. 18 U.S.C. § 3582(c)(1)(A). Mr. Fulton reports that he has filed a request for compassionate release with his warden and that his warden has denied that request, Doc. 76 at 4, but Mr. Fulton failed to attach this purported denial to his motion. And, if he had attached it, he has not shown that he has exhausted his administrative appeal rights. *See* 28 C.F.R. § 571.63 (describing prisoner's appeal rights after his warden denies a request for compassionate release and noting, "denial by the General Counsel or Director [of] Bureau of Prisons [] constitutes a final administrative decision"); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting § 3582(c)(1)(A)'s exhaustion requirement means a defendant must exhaust his rights to appeal an adverse decision by the warden); *United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 2449782, at *2 (E.D. Tenn. May 12, 2020) (noting the court cannot modify a term of imprisonment unless defendant has "'fully exhausted all administrative rights' *or* allowed 'the lapse of 30 days' from an unanswered request to the warden" (emphasis added)).

Because Mr. Fulton has not shown that he has exhausted his administrative appeal rights, the court lacks jurisdiction to decide his motion. The court thus dismisses Mr. Fulton's motion for compassionate release (Doc. 76). *See Johnson*, 766 F. App'x at 651 (noting that when a

court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Fulton's Motion for Compassionate Release (Doc. 76) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 1st day of June, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
